## STATE v. HENRY WEINGARTH.[1]

December 26, 1913.

Nos. 18,093—(41).

**Sale of intoxicating liquor.**
> In a prosecution for the sale of intoxicating liquors without a license contrary to a city ordinance it is *held* that the evidence does not support a judgment of conviction.

From a judgment of the municipal court of St. Paul, Finehout, J., finding defendant guilty of the offense of selling intoxicating liquor without a license, he appealed. Reversed.

*Schmidt & Waters,* for appellant.

[1] Reported in 144 N. W. 745.

*Lyndon A. Smith,* Attorney General, *O. H. O'Neill, John A. Burns* and *Thomas W. McMeekin,* for respondent.

DIBELL, C.

The defendant appeals from a judgment of the municipal court of St. Paul finding him guilty of selling intoxicating liquor without a license, contrary to an ordinance of the city, and sentencing him to the workhouse for 30 days.

The defendant was accused of selling the liquor to two named persons on February 1, 1913. The sale was made by his wife. On that day she was arrested. She pleaded guilty. On February 18, 1913, complaint was made against the defendant for the same sale and he was tried with the result stated.

The place at which the sale was made was a hotel. The hotel license was in the name of the defendant's wife and had been for four years. She leased the property and paid the rent. She and her husband claimed that she ran the place. There was no competent evidence that the defendant ran it. There is no claim that there was any sale except the one made by the defendant's wife. It is not claimed that the defendant took part in the sale. The evidence is in dispute whether he was in the room when the sale was made. If he was, it is only by inference that it can be found that he knew of it. We do not mean to be understood as saying that two persons may not be convicted for a single sale or that one may not be convicted for a sale made by another under his authority. The defendant had been convicted of selling liquor at the same place at times previous. The evidence suggests a strong suspicion that likely the defendant and his wife were running a blind pig; but upon a thorough review we are compelled to hold that the legal evidence produced does not support the judgment of conviction.

Judgment reversed.